GEORGE F. HARDING

*v.*

FREDERICK C. GIBBS.

*Filed at Ottawa May 9, 1888.*

1. CONTRACT—*option to purchase—strictness required in its exercise.* In the case of a unilateral contract, where one party has the option to purchase property, and the other is bound to sell upon the exercise of the option by the one having the same, any delay on the part of the latter in making and giving notice of his election to buy, when called upon under the terms of the agreement to make his election, will be viewed with especial strict-

ness. To avail of such an option, the party having the right is held to a strict compliance with the terms and conditions upon which it is made to depend.

2. SAME—*the particular case—a contract construed—involving an option to purchase.* The equitable owner of property leased the same for a term of five years, with the privilege to the lessee to purchase the same during the first year of the term for $9500, and it was agreed that if the lessor had an offer to purchase, ten days notice thereof should be given to the lessee, and he was to have the option of buying at the price offered, (not, in any event, to exceed $9500,) and if he did not decide to purchase within ten days, the lessor might sell the property, but if the lessee elected to purchase, he was to have thirty days to close the purchase. It was also agreed, that in the event the lessor should have an offer for the property after the first year, the lessee should have the privilege of buying at that offer. About a month after the execution of the lease, a third party offered the lessor $9500 for the property, and the latter caused a deed to be made to the purchaser, and served a written notice of the offer on the lessee, signed in the lessor's name, his sale depending on the termination of the lessee's option. The lessee paid no attention to the notice, but before the end of the first year offered to take the property at the price named, and tendered the proper writing for that purpose to the purchaser, and on his refusal to sell, filed a bill for the specific performance of the contract: *Held,* that having failed to make his election at the proper time, the lessee was not entitled to the relief sought, and that the notice by the lessor, instead of his grantee, was sufficient to call upon him to make his election.

3. The option given the lessee was not an absolute one to purchase, at any time within the first year, at the price named, but was subject to the condition, that if the lessor should receive an offer at any time during the year, and give notice thereof, then the option should be exercised within ten days thereafter, or be terminated. The fact the lessor had made a deed when the notice was served, could not change the result, but showed that the offer was made in good faith, and could not operate to prevent the lessee from making his election.

APPEAL from the Superior Court of Cook county; the Hon. GWYNN GARNETT, Judge, presiding.

Mr. GEORGE R. GRANT, for the appellant:

Time is of the essence of this contract. *Lowery* v. *Niccolls,* 11 Bradw. 453; *Steele* v. *Biggs,* 22 Ill. 655; *Hoyt* v. *Tuxbury,* 70 id. 331.

When the contract is unilateral, as in the case of an option to buy, any delay of the party entitled to its benefit is viewed

with special strictness.  Fry on Specific Per. (3d Am. ed.) p. 527, sec. 1073.

A party asking a specific performance of a contract must show clearly that he has at all times been "ready, eager and willing" to perform his part, more especially when the contract is unilateral.  *Phelps* v. *Railroad Co.* 63 Ill. 468.

Mr. C. H. MORSE, also for the appellant.

Mr. PLINY B. SMITH, and Mr. WILLIAM B. GIBBS, for the appellee :

Harding having purchased with notice of appellee's rights, will, in equity, be required to perform his vendor's contract. Waterman on Specific Per. sec. 75 ; *Smith* v. *Phillips*, 1 Keen, 700 ; *Bird* v. *Hall*, 30 Mich. 74 ; *Leverty* v. *Moore*, 33 N. Y. 664 ; *Hunter* v. *Boles*, 24 Ind. 500 ; *Keenan* v. *Williams*, 22 Iowa, 378 ; *Bishop* v. *Newton*, 20 Ill. 180 ; *Foss* v. *Haynes*, 30 Me. 89 ; *Smoot* v. *Rea*, 19 Md. 398.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court :

This was a bill for specific performance of an agreement for the sale of certain real estate.

Frederick C. Gibbs, on March 25, 1885, took a lease from Uzziel P. Smith of the premises in question, for the term of five years, from May 1, 1885.  At the same time there was indorsed on the lease an agreement, signed by both parties, that during the first year of the tenancy the lessee was to have the privilege to purchase the premises at the sum of $9500, of which $2250 was to be paid in cash, $2250 on or before one year after date of delivery of a warranty deed, to be secured by note and trust deed, and the balance by the assumption of a note and trust deed already on the premises, for the sum of $5000.  But if the lessor should have an offer for the property, ten days notice thereof was to be given to the lessee, and he

was to have the privilege of buying at said offer, said price, in any event, not to exceed $9500; and if the lessee did not desire to purchase the property, the lessor should have the privilege of selling the same, but if the lessee should desire to purchase, he should be allowed thirty days to close the purchase; and in the event of the lessor having an offer for the property after the expiration of the first year, the lessee was to have the first privilege of buying at said offer. George F. Harding offered Smith for the property $9500, assuming the mortgage and cancelling some indebtedness, the balance, $1100, to be paid in cash. Harding took the property on those terms. A quitclaim deed of the property, bearing date April 1, 1885, was made to him by Abner C. Harding, who held the legal title to the property in his name, in trust for Smith. On May 9, 1885, a written notice, signed by Smith, was served on Gibbs, that Smith had an offer of $9500 for the property, and Gibbs did not make any election to purchase the same. A previous notice had been given some two or three weeks before, having signed to it the name of Smith, by Harding. On February 15, 1886, Gibbs made a tender to Harding of the money, and note and trust deed provided for in the contract, and offered to assume the $5000 mortgage then on the premises, and demanded a deed from Harding, which the latter declined to execute, on the ground that Gibbs' option had been determined by the notice of May 9. Gibbs then filed this bill against Smith and Harding for the specific performance of the contract. The Superior Court decreed the relief prayed, and Harding took this appeal.

There is essentially no dispute as to the facts in the case, and the justification of the decree is rested by appellee's counsel on but the one point, that the notice of the offer of purchase of the property should have been given by Harding, instead of by Smith. As there had been a deed of the property made by Smith to Harding before the giving of the notice, it is insisted that by such conveyance all right in the property passed from

Smith and vested in Harding; that at the time of the giving of the notice Smith had no right or interest with respect to the property, but that it was all in Harding, and that he alone could give the notice.

At the time Harding took his conveyance of the property, he took also an assignment of the lease between Smith and Gibbs, with an agreement indorsed thereon, signed by himself, that he does not accept the assignment of the lease, except upon the understanding and agreement that Smith shall give Gibbs notice of his offer for the property, and his purchase shall not be effectual until Gibbs' right to buy shall terminate under such notice. It is said Gibbs had no notice of this agreement. This may be; it does not appear, by the record, that he had, and we will consider the case irrespective of this agreement.

There was here but an option to purchase. The obligation was on only one side. Smith was obliged to sell, but Gibbs was not bound to purchase. Where the contract is in anywise unilateral, as in the case of an option to purchase, any delay in the party in whose favor the contract is binding, is looked at with especial strictness. (Fry on Specific Per. sec. 733.) Smith was willing to give Gibbs the privilege of buying the property during the first year of his tenancy, but he was not willing to lose the opportunity of making a sale during that time. So he does not give Gibbs an absolute option of purchase within one year, at the price named, but gives the option with this express proviso, that if, during the year, Smith should have an offer for the property, and should notify Gibbs of it, Gibbs should thereupon have ten days in which to make an election whether he would purchase the land upon the terms offered by such third party, and that if he should elect to so purchase, he should have thirty days in which to close the transaction. If, however, he did not so elect, then Smith was to be at liberty to sell the property. To avail himself of this option required strict compliance on the part of Gibbs. The precise condition had occurred here which terminated this

option.  There was an offer to purchase, notice by Smith to Gibbs of the offer, and failure of Gibbs to make an election to purchase at the price offered, within ten days after the notice. The fact that there had been a deed made under the offer was of no consequence to Gibbs.  His was the superior right, and the exercise of his option, within the time limited, would have avoided the conveyance which had been made.  The conveyance rather strengthened the case of appellant.  It showed, not only an offer to purchase, but demonstrated that the offer was a real one.  Had there been but a mere offer to purchase, there might have been doubts as to its genuineness.  Whether the notice was given by Smith or Harding seems but a matter of so merely a technical character that it should not have favor in a court of equity.  There is no substantial equity in it.  The terms of the agreement required the notice to be given by Smith, as it was; but whether given by Smith or Harding, Gibbs knew there was a chance to sell the land, and his plain duty, under the agreement, was to exercise his option at once, within the ten days, and not let pass the opportunity to make a sale of the land.  He could not, consistently with any principle of fair and honest dealing, under the contract which he had made, destroy the opportunity of making a sale, wait until the expiration of the year, to see if there might not be an increase in value of the land, and then exercise his option to purchase.  We conceive, too, that Smith had the right, under the agreement, to give the notice, in order to the protection of his interest under the agreement.  If only the purchaser from him, where there had been a sale, could give the notice, then, on the purchaser's omission to give the notice, Smith might lose the benefit of such sale, as Gibbs could avoid it by the exercise of his option thereafter.

The decree of the Superior Court will be reversed, and the cause remanded for further proceedings in conformity with this opinion.

*Decree reversed.*