Ryan Oil Company, an Illinois Corporation, Plaintiff-Appellant, v. Norman Ewald, Thomas Rozdilsky, et al., Defendants-Appellees.
Ryan Oil Company, an Illinois Corporation, Plaintiff-Appellant, v. Thomas Rozdilsky, Doing Business as Boulevard Ryan Service, Defendant-Appellee.

Gen. No. 48,752.

First District, Second Division.

February 21, 1963.

Rehearing denied April 11, 1963.

McCarthy and Levin, of Chicago (John F. Mc-Carthy, Esther R. Rothstein and John P. Seibel, of counsel), for appellant.

No briefs filed by appellees.

MR. JUSTICE BURKE delivered the opinion of the court:

In a complaint sounding in replevin, Ryan Oil Company sought judgment against Norman Ewald and Thomas Rozdilsky, that it had the right to possess two 275 gallon fuel oil tanks, one fuel oil pump, two double gasoline pumps, two oil barrels and barrel oil pump and seven signs located at the Automobile Service Station at 5035 South Western Boulevard, Chicago. In separate answers each defendant denied that plaintiff was entitled to possession of the chattels. Ewald filed a counterclaim against plaintiff. Rozdilsky filed a separate counterclaim, the first count against Ewald and the second count against the plaintiff. Both counterclaims seek damages claimed to have arisen by reason of the alleged wrongful seizure of the chattels by authority of the writ of replevin. Plaintiff joined issue on the allegations in each counterclaim.

Ewald moved for a summary judgment against plaintiff, Ryan Oil Company, based upon the pleadings and Ewald's affidavit. An affidavit by Thomas E. Ryan, president of the plaintiff corporation was filed in the motion for summary judgment. The court sustained the motion for summary judgment, found that plaintiff, Ryan Oil Company, was not entitled to possession of the described chattels, that defendants Ewald and Rozdilsky, did not wrongfully take or detain the chattels and adjudged that Ewald and

Rozdilsky recover from Ryan Oil Company possession of the described chattels and that a writ of retorno habendo issue. The court retained jurisdiction to assess damages arising from the seizure of the chattels under the writ and to adjudicate the issues arising on the counterclaims of Ewald and Rozdilsky and to further adjudicate the issues arising on a statement of claim of Ryan Oil Company filed in the Municipal Court of Chicago against Rozdilsky for gasoline and oil sold and delivered by plaintiff to Rozdilsky since February 18, 1961. The Municipal Court case was transferred and consolidated with the other cases hereinabove mentioned. The court found that no just reason exists for delaying enforcement of or appeal from the judgment. Plaintiff, Ryan Oil Company appealed. Ewald appeared by his attorney and argued the case but did not file a brief. Rozdilsky did not appear or file a brief.

When the trial court sustained the motion for summary judgment plaintiff moved for leave to file a supplemental affidavit in opposition. The court reserved ruling on the motion until the submission of the affidavit. When the supplemental affidavit was submitted the trial court denied the motion to file it, as well as a motion to vacate the summary judgment. The case was decided on the pleadings, the motion for summary judgment and the filed affidavits.

Ewald owned the Automobile Service Station at 5035 South Western Boulevard, Chicago. He leased the premises to Ryan Oil Company for a term which ultimately expired on January 10, 1961. The chattels were installed and paid for by plaintiff, Ryan Oil Company, during the term of its lease. They were not attached to the realty. The lease between Ewald and plaintiff contains several provisions pertinent to the ownership and right to possession of the chattels. Paragraph 2 provides that at the expiration of

147

the lease, "the party of the second part [Ryan Oil Company] shall have . . . the right at any time within 30 days after such termination, to . . . remove from said premises, any equipment, unattached to the realty, by it at any time placed thereon." Paragraph 3 recited that, "At the expiration of said lease party of the second part [Ryan Oil Company] will return to the party of the first part [Ewald] the premises and equipment thereon, other than equipment placed thereon by it in good condition . . . ." The last paragraph said, "It is further mutually agreed that all buildings, tanks, pumps, fixtures, and improvements of every kind and description to be erected after the date of this lease shall first be approved by the party of the first part [Ewald] and be the property of and belong exclusively to the party of the second part [Ryan Oil Company] free from any liens or encumbrances, and upon the termination of this lease all such structures, buildings, improvements, fixtures, tanks, pumps and appliances installed, constructed or erected upon said premises by the party of the second part [Ryan Oil Company] shall be the property of and belong exclusively to the party of the first part [Ewald]." The last clause is the first and only provision in the lease indicating that any equipment was the property of Ewald.

The affidavit of Thomas E. Ryan recited that during the negotiations for the lease between plaintiff and Ewald, Ryan told Ewald and his attorney that any equipment installed at the premises by plaintiff should remain the property of plaintiff and be removable by the termination of the lease and that Ewald agreed. The statement in the affidavit of Thomas E. Ryan was not denied by any counter affidavit. Nevertheless, Ewald claimed to be the owner of the chattels which were seized, he leased the

148

premises together with the chattels to Rozdilsky on November 4, 1960 for a term commencing January 10, 1961. Rozdilsky was using the chattels in and at the Automobile Service Station when they were seized by the sheriff.

■■ We are of the opinion that the court erred in entering summary judgment for the defendants. The premises were an Automobile Service Station, the chattels seized, fuel tanks, gasoline and oil pumps, signs and lights were installed and paid for by plaintiff. None was attached to the realty. These chattels were the property of plaintiff and removable by it under the provisions of the lease from Ewald to plaintiff. The defendants rely on the last paragraph of the lease. That paragraph at the beginning, states that all equipment erected after the date of the lease shall be the property of and belong exclusively to the party of the second part, namely the Ryan Oil Company. It concluded that by providing that upon termination of the lease all such equipment, "installed, constructed or erected upon said premises by the party of the second part [Ryan Oil Company] shall be the property of and belong exclusively to the party of the first part [Ewald]." The last clause is in conflict with the earlier provisions. Where two clauses are repugnant, the first controls. Thomas Hoist Co. v. William J. Newman Co., 365 Ill 160, 166, 6 NE2d 171; Northwest Racing Ass'n v. Hunt, 20 Ill App2d 393, 397, 156 NE 2d 285.

It is apparent that under the provisions of the lease, the chattels that were seized were the property of plaintiff and were removable by it. The last clause in the lease contains an obvious typographical error in its use of the word "first" in place of the word "second" intended by the parties. Therefore the judgment is reversed and the cause is remanded with di-

149

rections to enter judgment in replevin for plaintiff, Ryan Oil Company, a corporation, and against defendants.

Judgment reversed and cause remanded with directions.

BRYANT, P. J. and FRIEND, J., concur.