Delores A. GEHLBACH, Charles J. Waiz, Herbert J. Waiz, Eugene R. Waiz, William J. Waiz, Sr., Joseph E. Waiz, and Robert L. Waiz, Appellants–Defendants,

v.

James G. HAWKINS and Beatrice S. Hawkins, Appellees–Plaintiffs.

No. 10A05–9502–CV–37.

Court of Appeals of Indiana.

Aug. 23, 1995.

Ronald R. Fifer, Douglas B. Bates, Stites & Harbison, Jeffersonville, for appellants.

John A. Kraft, Young, Lind, Endres & Kraft, New Albany, for appellees.

## OPINION

BARTEAU, Judge.

Delores A. Gehlbach, Charles J. Waiz, Herbert J. Waiz, Eugene R. Waiz, William J. Waiz, Sr., Joseph E. Waiz, and Robert L. Waiz (collectively "the Lessors") appeal from the entry of summary judgment in favor of James G. and Beatrice S. Hawkins (collectively "the Hawkinses"), and denial of the Lessors's Motion for Summary Judgment. We affirm.

### FACTS

The pertinent facts in this case are undisputed. On March 23, 1961, Sun Oil Company leased real estate owned by Joseph A. Waiz and his wife, Lena. On September 30, 1980, Sun Oil Company transferred and assigned its interest in the leased premises to the Hawkinses. Upon the death of Joseph A. Waiz, his interest in the real estate went to his wife, Lena, who subsequently transferred to each of her seven children an undivided one-seventh interest in the property. Thus, the Hawkinses became the Lessees and the Waiz children became the Lessors under the lease agreement formed between Sun Oil and Mr. and Mrs. Waiz.

The lease agreement contains two provisions pertinent to this appeal. First, the Hawkinses, as successors in interest to Sun Oil Company, have an option to purchase the property for the fixed price of $32,000 at any time during the lease period. Second, the lease also grants the Hawkinses the right of first refusal: the right to meet any bona fide offer of purchase presented to the Lessors. However, the lease does not indicate which option takes precedence over the other.

On May 17, 1994, William J. Waiz, Sr., one of the Lessors, presented his siblings with his offer to purchase his siblings's interests in the real estate for the sum of $150,000. The next day, the Waiz children forwarded to the Hawkinses a notice of the offer to purchase accompanied by a copy of a Purchase Agreement which had been executed by William J. Waiz, Sr., and accepted in writing by his siblings.

Upon receiving the notice, the Hawkinses notified the Lessors in writing that they in-

tended to exercise their option to purchase the property at the fixed price of $32,000. The Lessors refused to sell to the Hawkinses at the fixed price, demanding that the Hawkinses match the $150,000 offer made by their brother. The Hawkinses filed suit seeking specific performance under the fixed-price purchase option, and were granted summary judgment in due course.

### DISCUSSION

In summary judgment proceedings, the party moving for summary judgment must show that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. Once the movant establishes that no genuine issue of fact exists, the party opposing summary judgment must set forth specific facts indicating that there is a genuine issue in dispute. If the non-moving party fails to meet this burden, summary judgment in favor of the moving party is appropriate. *Pierce v. Bank One–Franklin, NA* (1993), Ind.App., 618 N.E.2d 16, 18, *trans. denied.*

Further, the party moving for summary judgment must designate to the trial court all parts of the matters included in the record that it relies on for the motion. The opposing party likewise must designate to the trial court "each material issue of fact which that party asserts precludes entry of summary judgment and the evidence relevant thereto." Ind. Trial Rule 56(C). Any doubt as to the existence of a factual issue should be resolved against the moving party, construing all properly asserted facts and reasonable inferences in favor of the non-movant. *Cowe v. Forum Group, Inc.* (1991), Ind., 575 N.E.2d 630, 633.

The parties cite to our decision in *Tarrant v. Self* (1979), 180 Ind.App. 215, 387 N.E.2d 1349, for resolution of this matter. In *Tarrant*, we considered leases that contained a fixed-price purchase option and a right of first refusal. Unlike the case at bar, the fixed-price purchase option in *Tarrant* had not yet become enforceable when the lessor received a bona fide offer to purchase from a third party. We concluded:

Where both a fixed-price purchase option and an option giving the lessee the right of first refusal are contained in a lease the parties must specifically designate which one takes precedence over the other. Where, as here, the lease does not prescribe which provision takes precedence over the other, if, before the lessee exercises his option to purchase at a fixed amount or before such option comes into existence, whichever is later, the lessor properly notifies the lessee of a bona fide offer to purchase the leased premises, and the lessee refuses to exercise his option to purchase the property under the terms of such offer, then the lessee forfeits his right to purchase under the fixed-price option.

*Id.* at 1353. The parties argue as to whether our decision in *Tarrant* may be extended to the facts presented in this case. The Hawkinses contend that *Tarrant* should not be extended to the present case, arguing that notice of a bona fide offer to purchase only cuts off a fixed-price purchase option that has not yet become enforceable. The Lessors contend that the *Tarrant* holding applies, and that their notice of a bona fide offer to purchase extinguished the Hawkinses's fixed-price purchase option, leaving the Hawkinses only with the power to match the $150,000 offer.

We find that we need not address this issue to resolve this matter. Instead, we find as dispositive the question of whether the Lessors did, in fact, receive a bona fide offer to purchase from William J. Waiz, Sr. We conclude that the Lessors did not, and therefore affirm the judgment of the trial court.

Paragraph 7(d) of the lease agreement creates the right of first refusal, and reads in pertinent part:

In the event the Lessor desires to sell the within demised premises or other property owned by Lessor of which the demised premises are a part at any time during the term hereof or any renewal or extension thereof and receives therefor a bona fide offer of purchase acceptable to Lessor, Lessor shall notify [Lessee] in writing of said offer of purchase and [Lessee] shall have the right to meet said bona fide offer by giving Lessor notice in writing of its intention so to do. . . .

R. 52. The parties have devoted considerable argument concerning whether the $150,000 offer of William J. Waiz, Sr. is a "bona fide" offer. To this end, the Lessors point to the undisputed fact that Waiz is sincere in purchasing the property and stands ready to tender the $150,000 purchase price in full. Nonetheless, we find that, as a matter of law, the Lessors did not receive a bona fide offer of purchase, and therefore the right of first refusal never became operative and could not have extinguished the Hawkinses's fixed-price purchase option.

By the terms of the lease agreement, the right of first refusal is triggered when the Lessors receive a bona fide offer to purchase the property and give notice of such to the Hawkinses. The requirement that the Lessors *receive* a bona fide offer presupposes that the bona fide offer must come from a third party. William J. Waiz, Sr. is a Lessor. We fail to see how the Lessors can receive an offer to purchase the property from one who already is an owner of the property. At best, William J. Waiz, Sr. can only purchase his siblings's interest in the property, and thereby acquire a greater ownership interest in his own property. An owner of property cannot purchase the property from himself.

When Sun Oil originally entered the lease agreement, the lessors of the property were Joseph and Lena Waiz, husband and wife. From the plain language of the lease agreement, it is clear that the parties intended that any bona fide offer to purchase would come from a third party. As the assigns of Lena Waiz, the Waiz children stand in the shoes of their parents. *See Trinkle v. Leeney* (1995), Ind.App., 650 N.E.2d 749, 753. The Lessors are bound by the terms of the agreement their parents entered into with Sun Oil. The Lessors cannot receive a bona fide offer to purchase from Joseph W. Waiz, Sr., just as Lena Waiz could not receive a bona fide offer to purchase from her husband.

Under the Lessors's theory, owners of property leased under an agreement that grants the lessees a fixed-price purchase option and a right of first refusal can unilaterally retract the fixed price purchase option by offering to purchase the property from themselves, thereby forcing the lessees to pay the price demanded by the owners. We find such a result untenable, and agree with the trial court's conclusion:

> The granting of an option to purchase necessarily implies an intent of the grantor to convey to another under certain conditions. It is a continuing offer to sell and convey to another and, unless otherwise specified by the terms of the agreement, it cannot be terminated by the actions of the grantor. One cannot take back what one has contracted away, that is, the promise to convey. To do so would constitute a withdrawal of consideration already given.

R. 116. As their parents's assigns, the Lessors, including Joseph W. Waiz, Sr., are in privity of contract with the Hawkinses and are bound by the agreements thereunder. To permit the Waiz children to extinguish the Hawkinses' fixed-price purchase option with an offer from a co-owner to purchase the interest of the other owners would render the fixed-price purchase option an illusory promise within the lease agreement. A party may not unilaterally withdraw bargained-for consideration delivered in execution of a lease agreement.

AFFIRMED.

SHARPNACK, C.J., and STATON, J., concur.