OPINION
{¶ 1} Defendant-appellant, Sunoco, Inc., appeals a decision of the Warren County Court of Common Pleas, granting summary judgment in favor of plaintiff-appellee, Brenda Bloom, in a declaratory judgment action. We affirm the decision of the trial court.
 {¶ 2} The essential facts of this case are not disputed. In 1969, Dolly's Inc. leased to the Sun Oil Company a 3.662 acre parcel of property located at the intersection of Interstate 75 and Ohio State Route 73 in Franklin Township, Warren County, Ohio. Sun Oil built and operated a service station on the property. The term of the lease was for 15 years from the date Sun Oil completed the improvements to the property, together with four additional five year terms at Sun Oil's option. Thereafter, the lease was to operate from year to year, terminable by either party with 120 days notice. The lease contained additional terms, including a provision that required the lessor, upon receipt of a bona fide offer to lease the demised premises, to provide Sun Oil with the opportunity to match the offer, before entering into the new lease.
 {¶ 3} Sun Oil eventually came to be known as Sunoco. Title to the property, along with all of the lessor's rights under the lease, was assigned to Weenonah Brattset. In 1999, appellee purchased from Brattset the 2.4323 acre parcel of real estate on which the Sunoco station is situated. At this time, Brattset also assigned all of her rights under the lease to appellee. However, Brattset retained title to a long, narrow section of the property running roughly parallel to the interstate, on which the service station's sign is located.
 {¶ 4} Appellee's business affairs are largely managed by her husband, Don Bloom. He owns 100% of Don Bloom, LLC. Don Bloom, LLC, holds 55% of the shares in Petro Acquisitions, Inc., which in turn, owns 100% of Ohio Valley AFM, Inc. Don Bloom is a director of Petro Acquisitions, Inc. Ohio Valley AFM, Inc. is a franchisor of Ameristop Food Marts.
 {¶ 5} In March 2000, appellee received a letter from Bill Templin, then president of Ohio Valley AFM, Inc. The letter offered to lease the Sunoco property, stating in pertinent part:
 {¶ 6} "By use of this letter we are offering to lease this land from you for a period of 15 years on a triple net ground lease. The following is our rent and override schedule that we are offering:
 {¶ 7} "Year 1 thru 5 Land rent of $5,800.00 plus 3.5 cents per gallon of gasoline pumped at this location payable monthly. We will pay for all building costs and any and all gas improvements that we make at this location. In the event that we pump less than 1,000,000 gallons of gasoline per year we will guarantee that your 3 cents override will not be less than $35,000 per year.
 {¶ 8} "Year 6 thru 15 same base rent with an annual CPI index, guarantee that base rent will never fall below $5,800.00 per month, plus we will pay the same override of 3.5 cents per gallon with a minimum override payment of $35,000.
 {¶ 9} "Ms. Bloom use this letter as our intent to lease your property and if you have interest we will forward you an earnest money deposit of $5,000.00 and enter into a triple net lease, we will begin leasing this property from you as soon as possible. We can start as early as April 1, 2000."
 {¶ 10} Appellee gave the letter to her husband Subsequently, her attorney contacted Sunoco and provided Sunoco with a copy of Templin's offer. Sunoco responded by asserting that the offer was not a bona fide offer. Appellee subsequently filed the instant suit, in which she sought a declaratory judgment that the offer to lease is a bona fide offer as contemplated by the lease, and that Sunoco's failure to match the offer pursuant to the lease terms constitutes a breach entitling her to terminate the lease. Both parties filed motions for summary judgment. The trial court granted judgment in favor of appellee. Sunoco appeals, raising two assignments of error.
 {¶ 11} Assignment of Error No. 1:
 {¶ 12} "The trial court, erroneously and to the prejudice of Defendant Sunoco, Inc, overruled said Defendant's motion for summary judgment."
 {¶ 13} Assignment of Error No. 2:
 {¶ 14} "The trial court, erroneously and to the prejudice of Defendant Sunoco, Inc., granted summary judgment in favor of Plaintiff Brenda Bloom and against said Defendant."
 {¶ 15} Because the assignments of error are related, we will consider them together.
 {¶ 16} An appellate court conducts a de novo review of a trial court's decision to grant summary judgment. Grafton v.Ohio Edison Co., 77 Ohio St.3d 102, 105, 1996-Ohio-336. This requires that a reviewing court "use the same standard that the trial court should have used, and examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland Bd. Of Edn. (1997),122 Ohio App.3d 378, 383, citing Dupler v. Mansfield Journal (1980),64 Ohio St.2d 116, 119-120.
 {¶ 17} Summary judgment is properly granted when: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. Harless v. Willis Day Warehousing Co. (1976),54 Ohio St.2d 64, 66; Civ.R. 56(C). If the moving party fails to satisfy its initial burden, "the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party." Dresher v. Burt,75 Ohio St.3d 280, 293, 1996-Ohio-107.
 {¶ 18} Sunoco first alleges that the offer of Ohio Valley AFM, Inc. was not an offer to lease the "demised premises" under the lease language. It is Sunoco's contention that, because appellee does not own the entire parcel of property that it leases, any offer to lease the parcel that Bloom does own is not an offer to lease the "demised premises."
 {¶ 19} Section 7(e) of the lease provides as follows:
 {¶ 20} "If at any time during the term of this lease * * * the Lessor shall receive a bona fide offer to lease the demised premises, or other property of the Lessor of which the demised premises are a part, * * * the Lessor shall submit to [Sunoco] a photostatic copy of such offer[.]"
 {¶ 21} The terms of an offer are "sufficiently certain or definite where they `provide a basis for determining the existence of a breach and for giving an appropriate remedy.'"Nilavar v. Osborn (2000), 137 Ohio App.3d 469, 487, quotingMr. Mark Corp. v. Rush, Inc. (1983), 11 Ohio App.3d 167, 169. In the present matter, the offer to lease presented by Ohio Valley AFM, Inc. expresses a desire to lease Brenda Bloom's property "located on Rt. 73, that is currently leased to Sun Oil Co." The letter specifically references the property on which the Sunoco station is situated, and we conclude, like the trial court, that "the offer is sufficiently definite as to the subject matter contemplated; it is the land upon which the Sunoco station at Route 73 and I-75 sits, and can be nothing else." Accordingly, we find no merit to Sunoco's contention that the offer to lease was not an offer to lease the "demised premises," as contemplated by section 7(e) of the parties' lease.
 {¶ 22} We likewise find no merit in Sunoco's proposition that it had no obligation to match the offer or lose its lease under section 7(e) of the lease, because appellee had no right to lease the remaining portion of the demised premises which she did not own. Upon the sale of the property to appellee, Brattset assigned to appellee "all her right, title and interest into a certain Lease between Dolly's, Inc. and Sun Oil Company." Accordingly, all rights and responsibilities arising under the lease passed to appellee. We again agree with the trial court's conclusion: "As for whether all of the land is legally titled to [appellee], for the purpose of the case, that issue is irrelevant. The original Sun Oil Company lease inures to the benefit of both parties' assigns. Weenonah Brattset assigned all of her interest in the Lease, including her interest in the associated realty, to [appellee]."
 {¶ 23} Sunoco also contends that appellee failed to establish that she had received a "bona fide offer" to lease the property. Sunoco's contention is that the offer was in fact made by her husband through his corporation, to himself, as the administrator of appellee's business affairs. Sunoco alleges that "Ohio Valley AFM, Inc. and Brenda Bloom were essentially so interrelated that there could be no bona fide offer since the offerer and the offeree were, for all practical purposes, the same person."
 {¶ 24} A "bona fide" offer is one which is "[m]ade in good faith; without fraud or deceit." Black's Law Dictionary (7th Ed. 1999), 168. While Ohio case law provides little guidance as to what constitutes a "bona fide offer," the Indiana court of appeals, construing another section of the lease at issue in the present matter, has held that an offer must come from a third party, not an existing lessor, in order to be a bona fide offer to lease. See Gehlbach v. Hawkins (Ind.App. 1995),654 N.E.2d 877, 880. As noted by the trial court, the Texas court of appeals has defined a bona fide offer as one "that is certain and unambiguous and * * * must be such an offer that if accepted creates a relationship that can be enforced by either party."Lede v. Aycock (Tex.App. 1981), 630 S.W.2d 669, 673.
 {¶ 25} Appellee's husband is the sole shareholder of Don Bloom, LLC, which in turn is the 55% majority shareholder in Petro Acquisitions, Inc., which is the sole shareholder of Ohio Valley AFM, Inc. At the time of the lease offer, he was a director of Petro Acquisitions, Inc. In spite of the relationship between Bloom, her husband, and the several businesses, the corporations retain an identity separate from the individuals which compose them. Agley v. Tracey, 87 Ohio St.3d 265, 268,1999-Ohio-61. Stockholders and corporations are distinct entities, sometimes with adverse interests. Absent contrary evidence, this is true "even when there is only one shareholder in the corporation." Zimmerman v. Eagle Mortg. Corp. (1996),110 Ohio App.3d 762, 771. A subsidiary corporation is likewise distinct from its parent corporation. Linko, Exr. v. IndemnityIns. Co. of No. America, 90 Ohio St.3d 445, 449, 2000-Ohio-92, citing North v. Higbee Co. (1936), 131 Ohio St. 507.
 {¶ 26} Reviewing the record before us, we find tenuous Sunoco's assertion that appellee and Ohio Valley AFM, Inc. are effectively the same person for purposes of the lease offer. Considering the record in a light most favorable to Sunoco, there is no evidence to indicate that the offer to lease is anything but a bona fide offer. Sunoco simply failed to offer any evidence to contradict appellee's sworn assertion that the offer received from Ohio Valley AFM, Inc. is a bona fide offer to lease.
 {¶ 27} We agree with the trial court that appellee is entitled to judgment as a matter of law, and consequently overrule both of Sunoco's assignments of error.
 {¶ 28} Judgment affirmed.
Young, J., concurs.
Valen, P.J., dissents.